IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEVERLY J. GATEWOOD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1498 (HHK) |
| ) | |
| ALBERTO R. GONZALES, ATTORNEY ) | |
| GENERAL, UNITED STATES ) | |
| DEPARTMENT OF JUSTICE ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, by and through its undersigned attorneys, hereby answer's plaintiff's Complaint as follows:

### FIRST DEFENSE

Defendant responds to the unnumbered and numbered paragraphs of the Complaint as follows:

### COMPLAINT

1. The first sentence of this paragraph contains a characterization of this action to which no answer is required. The second sentence of this paragraph is denied.

### JURISDICTION AND VENUE

2. This paragraph contains a statement of jurisdiction to which no answer is required.

3. Admitted.

## PARTIES

4.   The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied.

5.   The allegations in this paragraph are admitted except deny that "plaintiff otherwise engaged in protected activities".

6.   Admitted.

## FACTS

7.   Admitted.

8.   The first sentence of this paragraph is denied except admit that the SSG Basic Training Course consists of five components. The second and third sentences of this paragraph are denied.

9.   The first and second sentences of this paragraph are admitted. The third and fourth sentences are denied, except admit that Ms. Gatewood's final exam score was 92% in comparison to a score of 63% on the second exam.

10.   The first sentence is denied, except admit that David Fluitt informed Ms. Gatewood that she had failed the academic component by failing to obtain an average score of 75%. The second sentence is admitted.

11.   Denied, except to admit that the SSG Review Board (SSGRB) made the decision to dismiss the plaintiff from the SSG training course for failing to maintain a 75% average on the academic component of the course.

12.   Denied, except to admit that there is no option for a student who fails the academic component of the training course to retake an academic exam. The defendant also admits that

SSG trainees who fail to matriculate through the program are not permitted to reapply to attend another SSG training course. The defendant also admits that after her dismissal from the training course, Ms. Gatewood returned to her position at the FBI in the Tampa Division.

13. The first sentence is admitted. The remaining sentences in this paragraph are denied.

14. The allegations of the paragraph are denied, except admit that at some point during the academic component of the training course Ms. Gatewood requested assistance from a class counselor who could not assist Ms. Gatewood on one day during the academic component in particular.

15. Denied except admit that Ms. Gatewood was treated the same as other similarly situated students during the training course and afforded the same quality of instruction and/or tutoring assistance the other students in the class received.

16. Admitted that Ms. Gatewood addressed her letter of appeal to Keith Patrick.

17. The first and second sentences of this paragraph are admitted. The third sentence of this paragraph is denied.

18. Denied, except to admit that at least three students in Ms. Gatewood's class were allowed to retake the map reading examination, which unlike the academic component is pass/fail, because the established policies and procedures of the SSGRB so warranted.

19. The first sentence of this paragraph is denied. The second sentence of this paragraph is admitted. The third sentence is denied, except admit that given the subjective nature of the map reading exam, established SSGRB policies and procedures allow trainees to take the map reading exam a third time.

20.     The allegations in this paragraph are denied, except admit that a Caucasian female trainee was permitted to take the map reading exam a third time.

21.     Defendant cannot admit or deny the plaintiff's suppositions, except that defendant admits that after a thorough review, the SSGRB permitted a Caucasian female student to retake the Map Reading exam for many reasons, one of which was the fact that the variance of the testing apparatus indicated a one mile difference. As to the second sentence, the defendant admits that established policy and procedure precluded the SSGRB from granting Ms. Gatewood's request to retake one of her failed academic exams, in which she achieved a cumulative academic exam average of 73%, two percentage points short of the requirement.

22.     Denied.

23.     The first sentence is denied, except to admit that students are informed that failure to pass the map reading exam after two attempts may result in dismissal from the SSG training course. The second sentence is denied, except to admit that a Caucasian female student was permitted to take the map reading exam three times. The third sentence is denied, except to admit that Ms. Gatewood passed the map reading exam on her second attempt.

24.     The first sentence is admitted. The remaining sentences are denied.

25.     The first sentence is admitted, except to clarify that a Caucasian female student was permitted to take the map reading exam three times and she passed the exam on her third attempt. The second sentence is denied, except to admit that the Caucasian female student successfully completed the SSG training course. The third sentence is denied, except to admit that three Caucasian students were permitted to retake the map reading exam a third time, each for different reasons, on the same testing day. The fourth sentence is denied, except to admit that

the Caucasian female student referred to throughout the Complaint eventually completed the SSG training course.

26. - 30.  Denied.

## EXHAUSTION OF REMEDIES

31.    Admitted.

## STATEMENT OF CLAIMS

### I.  RACE DISCRIMINATION UNDER TITLE VII

32.    Denied, except to state that the defendant reincorporates fully its responses to paragraphs 1-31 of the plaintiff's complaint.

33. - 36.  Denied.

## REQUEST FOR RELIEF

These paragraphs contain plaintiff's requests for relief to which no answer is deemed necessary, but insofar as an answer is deemed necessary, defendant denies that plaintiff is entitled to the relief requested herein or to any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to and limited to 42 U.S.C. § 1981a.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for trial by jury is a request to which no answer is deemed necessary.

Defendant specifically denies all of the allegations of the Complaint not herein before otherwise answered.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted its costs and other such relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Kenneth L. Wainstein*
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

*/s/ R. Craig Lawrence*
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

*/s/ Wyneva Johnson*
WYNEVA JOHNSON, DC Bar#278515
Assistant United States Attorney

OF COUNSEL
JOY WILLIAMS